UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH STECKELBERG and<br>MICHAEL STECKELBERG,<br>Parents on behalf of their minor child, AMS,<br><br>Petitioner/Appellant,<br><br>vs.<br><br>CHAMBERLAIN SCHOOL DISTRICT,<br><br>Respondent/Appellant. | 4:21-CV-4147-LLP<br><br>ORDER |

Pending before the Court is Respondent/Appellant Chamberlain School District's ("School District") motion for remand.  (Doc. 6.)

**BACKGROUND**

In January 2019, Plaintiffs Judith and Michael Steckelberg ("Steckelbergs") filed a Due Process Complaint with the South Dakota Office of Hearing Examiners alleging that their child AMS's placement at an academy in Utah for therapy and a standard education should be paid for by the School District under the Individuals with Disabilities in Education Act ("IDEA"). An administrative hearing was held on February 22 through February 26, 2021. On July 8, 2021, the hearing examiner issued a decision, concluding:

> The Petitioner has met their burden of proof as to five of the six issues.  Respondent failed to adequately develop an IEP [Individual Education Plan] for the 2018-2019 school year.  Respondent did not develop an IEP for AMS for the 2019-2020 school year. Respondent did not follow the 2018-2019 IEP and failed to provide a FAPE [Free Appropriate Public Education] to AMS.  Respondent did not place AMS with any private school placement or make any plans for AMS to receive an education at home with supports for the 2019-2020 school year.  Respondent did not acknowledge or respond to Petitioners Notice of Placement when Petitioner placed AMS in Kaizen Academy.

> Petitioners are entitled to receive reimbursement for tuition and fees spent with Kaizen Academy, in the amount of $90,375. I am also ordering reimbursement to Petitioners for the amount of $11,686 for travel for Petitioners and AMS to and from Utah on six (6) different occasions.

(Doc. 10-2, p. 20.) On July 19, 2021, Notice of Entry of the Decision was served and filed by Steckelbergs' lawyer. On August 6, 2021, the School District filed a Notice of Appeal in state circuit court. On August 23, 2021, the Steckelbergs filed a Notice of Removal in this Court. (Doc. 1.)

The School District now asks the Court to remand the action, arguing that the IDEA allows it to file its cause of action in either state or federal court, and the School District therefore properly filed in state court. The School District also asserts that the Steckelbergs are plaintiffs, and only defendants are allowed to remove a case. The Steckelbergs argue that they are entitled to remove the action under 28 U.S.C. § 1441(a) which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brough in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## DISCUSSION

In support of its motion for remand, the School District primarily relies on *Yankton Area Adjustment Training Center, Inc. v. Oleson By and Through Oleson*, 897 F.Supp. 431 (D.S.D. 1995). However, the reasoning in *Yankton* favors the Steckelbergs. In fact, the district court in *Yankton* rejected an argument identical to the School District's argument in this case. The hearing officer ruled in favor of the Olesons and granted them relief under the IDEA. The Yankton Area Adjustment Training Center ("YAATC") filed a complaint in state court seeking review of the administrative decision pursuant to the IDEA, 20 U.S.C. § 1415. The Olesons removed the suit to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446. YAATC sought to remand the case to state court. YAATC argued that the Olesons were the plaintiffs in the administrative hearing and therefore maintained that status in the state court proceeding. Because plaintiffs cannot remove state proceedings to federal court under 28 U.S.C. § 1441, YAATC argued that the case should be remanded. *Yankton*, 897 F.Supp at 432. The *Yankton* court concluded that because the YAATC "is the 'aggressor' seeking relief from the administrative officer's decision, . . . it is the

2

plaintiff in this civil action," and that the Olesons as the defendants could properly remove the action to federal court under the IDEA. *Id.* at 432–33.

Applying the reasoning of the court in *Yankton*, the School District is the plaintiff in the civil action that it filed in state court. As defendants, the Steckelbergs are entitled to remove the case to federal court.

In opposition to the School District's motion for remand, the Steckelbergs cite *Fayetteville Perry Local School Dist. v. Reckers*, 892 F. Supp. 193 (S.D. Ohio 1995). There, the school district received an adverse decision from the hearing examiner and filed "an appeal" in state court. *Id*. at 196. The parents of the disabled student removed the case to federal district court, and the school requested remand. *Id*. The court rejected the school district's argument that allowing a defendant to remove the appeal to federal court would subvert the intent of Congress as set forth in 20 U.S.C. § 1415 which allows an aggrieved party to appeal in either state or federal court. *Id*. at 197 ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.' ") (citing *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988)). In *Fayetteville*, the court referred to the school district as the plaintiff in the "appeal," and to the parents as the defendants. It does not appear that the school district argued that the parents were the plaintiffs. The following cases reveal that the *Fayetteville* court had the parties correctly aligned.

The Eighth Circuit has held that "[a] civil action review proceeding under § 1415(i)(2), while sometimes referred to as an 'appeal,' is formally an original civil action." *Paris School Dist. v. Harter,* 894 F.3d 885, 888 n.3 (8th Cir. 2018) (citing *Kirkpatrick v. Lenoir Cty Bd. of Educ.*, 216 F.3d 380, 384–85 (4th Cir. 2000). Discussing the IDEA's legislative history, the Fourth Circuit in *Kirkpatrick* pointed out, among other things, that the statute makes specific reference to a "civil action," not an "appeal":

> [A]ny party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C.A. § 1415(i)(2)(A). The Fourth Circuit court noted that, in addition, evidence received by a district court and the remedies available are more akin to an original civil action.

3

> From a procedural standpoint, courts hearing a case on appeal are limited to reviewing the record that has been developed below. Conversely, a district court hearing an action brought pursuant to 20 U.S.C. § 1415(i)(2)(A) may consider evidence in addition to the record developed in the administrative proceeding. Section 1415(i)(2)(B) provides that in addition to considering such records, the court "shall hear additional evidence at the request of a party."
>
> In addition, while § 1415(i)(2)(B) instructs district courts to "receive the records of the administrative proceeding," district courts are not limited to the parameters of the remedies issued by the state administrative agency below. In fact, the statute explicitly authorizes district courts to exercise their discretion and "grant such relief as the court determines is appropriate." *See* 20 U.S.C. § 1415(i)(2)(B).
>
> Thus, a district court does not simply affirm, reverse, or vacate the decision of the state administrative agency. Instead, it offers its own independent *de novo* review and conclusion. If the district court fashions a different remedy, that remedy is imposed by the district court itself as an enforceable order.

*Kirkpatrick*, 216 F.3d at 384.

The Third Circuit and the Ninth Circuit also have held that IDEA actions following a state agency due process hearing are "civil actions" rather than appeals. *See Jonathan H. v. The Souderton Area School Dist.*, 562 F.3d 527 (3d Cir. 2009) (discussing that the language "to bring a civil action" in 20 U.S.C. §§ 1415(i)(2)(A) and (B) means "to sue; institute legal proceedings," and therefore the action is "brought" when a plaintiff files a complaint, the first step invoking the judicial process); *S.J v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006) (holding that an IDEA action is a new civil action).

The law is clear that, as a general rule, defendants can remove civil actions over which the federal courts would have had original jurisdiction. *Krispin v. May Dep't Stores Co.,* 218 F.3d 919, 922 (8th Cir. 2000); *In re Otter Tail Power Co.,* 116 F.3d 1207, 1213 (8th Cir. 1997). The IDEA itself creates concurrent federal and state jurisdiction by providing that any party aggrieved by an administrative decision "shall have the right to bring a civil action . . . in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). Because the IDEA creates the cause of action the School District presents in this case, the cause of action arises under federal law for purposes of 28 U.S.C. §1331, and this Court has federal question subject matter jurisdiction over the School District's complaint. *See, e.g., Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 680 (6th Cir. 2001) ("Any claim arising under the IDEA is therefore subject to the jurisdiction of the district court"

4

under 28 U.S.C. § 1331, notwithstanding the fact that IDEA permits civil actions to be brought in state or federal court).

The School District's main argument in support of its motion for remand is that the Steckelbergs are not defendants in the action, and only defendants can remove actions to federal court. However, as set forth above, it is the School District that brought the civil action in state court, seeking relief as the aggrieved party in the proceedings before the hearing examiner. Therefore, the School District is the plaintiff in this civil action, just as the YAATC was the plaintiff in the *Yankton* case. 897 F.Supp at 432–33. In light of the Steckelbergs' status as defendants, their removal of this action to federal court was proper, and the School District's motion for remand is denied. Accordingly,

**IT IS ORDERED t**hat Defendant Chamberlain School District's motion for remand is denied. (Doc. 6.)

Dated this 18th day of January, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____