UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH STECKELBERG and MICHAEL STECKELBERG, Parents on behalf of their minor child, AMS, <br><br> Petitioners/Appellees, <br><br> vs. <br><br> CHAMBERLAIN SCHOOL DISTRICT, <br><br> Respondent/Appellant. | 4:21-CV-4147-LLP <br><br> ORDER |

After this Court entered Judgment in favor of Petitioners/Appellees ("Steckelbergs"), Steckelbergs filed a Motion for Attorney Fees (Doc. 38.) Subsequently, Respondent/Appellant Chamberlain School District ("School District") filed the following motions: Motion to Extend Deadlines (Doc. 53), Motion to Consolidate Cases (Doc. 56), and Motion for Entry of Order Permitting Discovery on Issue of Attorney Fees (Doc. 62).

## BACKGROUND

In January of 2019, Steckelbergs filed a request for a due process hearing under the Individuals with Disabilities in Education Act ("IDEA"). A Fourth Amended Due Process Complaint was filed on August 30, 2019, alleging that AMS's placement at the Kaizen Academy in Utah for therapy and a standard education should be paid for by the School District under the IDEA. An administrative hearing was held from February 22 through February 26, 2021. On July 8, 2021, the Hearing Examiner issued a Decision, concluding that Steckelbergs are entitled to reimbursement for tuition, fees, and travel expenses.[1]

---

[1] During this process and continuing through the present litigation, Steckelbergs were represented by attorney Gina Ruggieri. On July 27, 2021, a separate action was filed in this Court by Steckelbergs to recover from the School District attorney fees and costs incurred throughout the administrative proceedings. *See* CIV 21-4130, Doc. 1. The parties eventually filed a joint motion to stay the proceedings in CIV 21-4130 pending a decision by the Court in this companion case. *See* CIV 21-4130, Doc. 25. The joint motion was granted and CIV 21-4130 was stayed. (*Id.* at Doc. 26.)

On August 6, 2021, the School District filed a Notice of Appeal of the administrative decision in state circuit court. On August 23, 2021, the Steckelbergs filed a Notice of Removal of the School District's appeal in this Court. (Doc. 1.) On November 30, 2022, this Court issued a Memorandum Opinion and Order affirming the Hearing Examiner's decision in favor of Steckelbergs. (Doc. 36.) The School District filed a Notice of Appeal with the Eighth Circuit on December 28, 2022. (Doc. 42.)

## DISCUSSION

Attorney Ruggieri ("Ruggieri") has filed information in support of the Steckelbergs' request for attorney fees in this case. (Doc. 40 and Doc. 50.) On December 30, 2022, the School District served discovery requests regarding issues related to the request for attorney fees. (Doc. 55-1.) Steckelbergs objected to responding to the discovery requests unless ordered by the Court. (Doc. 59 at p. 2.) The School District has asked to the Court to allow discovery, and to extend its time to respond to the motion for attorney fees until after discovery has been completed. The School District also asks the Court to consolidate this case with the companion case seeking attorney fees, CIV 21-4130.

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court may "consolidate the actions" before it if such actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Eighth Circuit has stated that whether to consolidate actions is a matter within the discretion of the court. *Horizon Asset Management, Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009) (noting court did not abuse discretion in consolidating claims with "common parties, overlapping issues, and related factual scenarios" and there was no unfairness to the parties). *See also Heil v. Belle Starr Saloon & Casino*, 2013 WL 943754, *2-5 (D.S.D. 2013) (consolidating cases involving overlapping witnesses and claims of sexual and physical harassment against same decision-maker with same modus operandi); *Suhn v. Breg, Inc.*, 2011 WL 1527263 (D.S.D. 2011) (granting motion to consolidate given common questions of fact and common witnesses).

The same parties are in the two cases pending before this Court, and both actions involve requests for attorney fees arising out of the same administrative action. The cases involve common questions of law and fact in regard to the attorney fee issues. Consolidation of the two cases will promote efficiency and economy. Thus, the motion to consolidate is granted.

The Steckelbergs are ordered to respond to the discovery requests served by the School District on December 30, 2022, as reflected in Doc. 55-1.[2] But discovery is limited to those requests and no additional discovery will be allowed regarding the issue of attorney fees. Steckelbergs may request attorney fees for responding to the discovery requests. The School District will be allowed to respond to the motion for attorney fees within 30 days following service of answers to the December 30, 2022 discovery requests.

Finally, the Advisory Committee Notes to Federal Rule of Civil Procedure 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2). Rather than resolve the motion for attorney fees during the pendency of the appeal, the Court determines that the interests of justice would be better served by deferring ruling until after the conclusion of the appeal. Accordingly,

**IT IS ORDERED:**

1. That the motion to extend deadlines is granted (doc. 53), and the School District may respond to the motion for attorney fees within 30 days following service of answers to the December 30, 2022 discovery requests.

2. That the motion to consolidate CIV 21-4130 and CIV 21-4147 is granted. (Doc. 56.) The caption of the case will be as shown above, and all further pleadings will be filed in CIV 21-4147.

3. That the motion for an order permitting the discovery set forth in Doc. 55-1 is granted, (doc. 62), but no further discovery will be allowed regarding the issue of attorney fees.

4. That the Court will defer ruling on Steckelberg's motion for attorney fees (doc. 38) until the after entry of a mandate by the Eighth Circuit on the pending appeal.

---

[2] It appears to the Court that the parties have substantially complied with Local Rule 37.1, Conditions for Discovery Motions. However, the Court calls the parties' attention to the requirement that a party filing a motion concerning a discovery dispute file a certification "describing the good faith efforts of the parties to resolve the dispute." LR 37.1

Dated this 17th day of April, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____