UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH STECKELBERG and<br>MICHAEL STECKELBERG,<br>Parents on behalf of their minor child, AMS,<br><br>Petitioners/Appellees,<br><br>vs.<br><br>CHAMBERLAIN SCHOOL DISTRICT,<br><br>Respondent/Appellant. | 4:21-CV-4147-LLP<br><br>MEMORANDUM OPINION AND ORDER<br>ON MOTION FOR ATTORNEY FEES |

Petitioners/Appellees ("Steckelbergs"), parents of AMS, filed a motion for attorney fees under 20 U.S.C. § 1415(i)3)(B), a provision of the Individuals with Disabilities Education Act (IDEA). (Doc. 68.) Steckelbergs seek at least $173,429.37 in attorney fees for work done on AMS's case at the administrative level, before this Court, and on appeal to the Eighth Circuit. Respondent/Appellant, Chamberlain School District ("School District"), agrees that the Steckelbergs are prevailing parties entitled to attorney fees and costs, but the School District opposes most of the fees requested for a variety of reasons which will be discussed below.

**BACKGROUND**

This case has an extensive history. The Eighth Circuit's decision (Doc. 67), and this Court's Memorandum Opinion and Order (Doc. 36), provide a more detailed background of the case. In January 2019, Steckelbergs filed a Due Process Complaint with the South Dakota Office of Hearing Examiners alleging that the School District violated the IDEA, and that their child AMS's placement at an academy in Utah ("Academy") for therapy and a standard education should be paid for by the School District. An administrative hearing was held on February 22 through February 26, 2021. On July 8, 2021, the hearing examiner issued a decision, concluding, in part:

> The Petitioner has met their burden of proof as to five of the six issues. Respondent failed to adequately develop an IEP [Individual Education Plan] for the 2018-2019 school year. Respondent did not develop an IEP for AMS for the 2019-2020 school year.

> Respondent did not follow the 2018-2019 IEP and failed to provide a FAPE [Free Appropriate Public Education] to AMS. Respondent did not place AMS with any private school placement or make any plans for AMS to receive an education at home with supports for the 2019-2020 school year. Respondent did not acknowledge or respond to Petitioners Notice of Placement when Petitioner placed AMS in Kaizen Academy. Petitioners are entitled to receive reimbursement for tuition and fees spent with Kaizen Academy, in the amount of $90,375. I am also ordering reimbursement to Petitioners for the amount of $11,686 for travel for Petitioners and AMS to and from Utah on six (6) different occasions.

(Doc. 1-1, p. 11.) The only issue decided against the Steckelbergs was whether the School District violated the IDEA by failing to produce a copy of AMS's education records by the time that the School District was required under the IDEA. (Doc. 25-3, p. 11-13.) The hearing examiner found a technical violation of the IDEA by the School District for failing to produce educational records in a timely fashion, but the hearing examiner did not believe this particular violation impeded provision of a FAPE to AMS. (*Id.*) The Steckelbergs' failure to "prevail" on this claim is de minimis compared to the overall success on the other issues which led to the Steckelbergs obtaining everything they sought.

The School District sought review of the hearing examiner's decision in state court, and the Steckelbergs removed the case to this Court. After careful review of the entire administrative record, this Court affirmed the hearing examiner's decision and directed the School District to reimburse the Stecklbergs for tuition and travel costs. (Doc. 36.) The School District appealed. On August 15, 2023, the Eighth Circuit affirmed, holding that the School District violated the IDEA by denying AMS a free appropriate public education (FAPE). (Doc. 67.) The Eighth Circuit also affirmed the decision to require the School District to reimburse the Steckelbergs for tuition and the cost of traveling to the Academy. The Steckelbergs now seek to recover attorney fees for the work performed on this case.

## DISCUSSION

The IDEA permits a court, in its discretion, to award reasonable attorney fees as part of the costs to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).

"A party does not need to succeed on the entirety of the litigation to be considered the prevailing party under the IDEA; '[a] party prevails if it succeeded on any significant issue which achieved some of the benefit it sought.' " *Artichoker v. Todd Cty. Sch. Dist.*, No. 3:15-CV-3021-RAL, 2017 WL 2495197, at *2 (D.S.D. June 9, 2017) (alteration in original) (quoting *Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996)).

The administrative hearing examiner, this Court, and the Eighth Circuit all determined that the School District denied AMS a FAPE. The legal relationship between the parties has been altered by requiring the School District to pay for tuition and travel expenses related to AMS's placement at the Academy. This was a total and not a partial success. The Steckelbergs achieved the benefit they sought, and they are prevailing parties.

The starting point in determining reasonable attorney fees is the lodestar calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). There is a strong presumption that the lodestar calculation represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). After calculating the lodestar, courts may consider the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

The party seeking attorney fees has the burden to prove that its request for attorney fees is reasonable. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (citing *Hensley*, 461 U.S. at 437). To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.

---

[1] "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3 (citing *Johnson*, 488 F.2d at 717–19).

3

The court has "broad discretion" in considering the amount of the fees. *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012). A district court should use its own knowledge, experience, and expertise in determining the fee to be awarded. *See Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989). The Eighth Circuit has explained: "The trial court knows the case best. It knows what the lawyers have done, and how well they have done it. It knows what these efforts are worth. It knows how to balance portions of the case together to reach a just and reasonable award." *Young v. City of Little Rock*, 249 F.3d 730, 737 (8th Cir. 2001). An important factor to consider when evaluating attorney fees is the degree of success the claimant obtained. *Hensley*, 461 U.S. at 440 ("We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988."). Here, the Steckelbergs achieved total success.

Attorney Ruggieri lists 542 hours for her work at the administrative level from 2018 through 2021. (Doc. 70-1.) Steckelbergs request an hourly rate of $175 for this work, for a total of $94,850.00. (Doc. 70-1.) The hours Attorney Ruggieri spent on this case before this Court, CIV 21-4147, are documented at 54.97, which at $175 per hour equals $9,619.75. (Doc. 79-4, $10,202 with tax.) Attorney Ruggieri documented 37.28 hours of work on the companion case she filed in this Court to recover attorney fees for the administrative proceedings, CIV 21-4130, which at $175 per hour equals $6,524.00. (Doc. 70-3.) She spent 82.55 hours on the Eighth Circuit appeal. An hourly rate of $200 is requested for Ms. Ruggieri's appellate work, which equals $16,510.00. (Doc. 70-5, $17,583 including tax.)

The Beardsley Law Firm's bills for work on the Eighth Circuit appeal are found at Doc. 70-5. Four billing statements are included. Attorney Steve Beardsley charged a reasonable hourly rate of $350 and Attorney Conor Casey charged a reasonable hourly rate of $250. In his Affidavit, Attorney Beardsley documents 30.2 hours of work at an hourly rate of $350, for a total of $10,570. (Doc. 70-7.) Attorney Casey documents 38.2 hours at $250 per hour, for a total of $9,550. (Doc. 70-9.) The Beardsley Law Firm invoices show they charged the Steckelbergs $435.50 for copies and $111.89 for postage.

In support of the motion for attorney fees, Attorney Ruggieri submitted a brief where she succinctly summarized the work she has done on the Steckelbergs' case over the last six years:

4

  The lawsuit commenced in December 2018, when petitioners hired Gina Ruggieri, Chamberlain, South Dakota. Their final Fourth Amended Complaint was submitted to the ALJ in the summer of 2019. Under the IDEA, either party can request to mediate the matter by submitting a request to mediate to the South Dakota Conflict Dispute Resolution Coordinator, Pierre, South Dakota.

  There were two appeals filed to circuit court by the School District, one in which the district won, and another which they lost. After the district won their discovery appeal, they filed for their attorney fees in another civil action before the Hon. Bruce V. Anderson, Brule County, South Dakota. Judge Anderson did not want to rule on the district motion for fees, until the outcome of the ALJ action was complete.

  The two appeals were expensive, because they required briefing in circuit court. Further, there were at least two summary judgment motions in the IDEA suit, filed by the school district. All summary judgment motions filed by the district were denied but took extensive time.

  After the ALJ denied the district's summary judgment motion, the district appealed that Order Denying SJ to circuit court Brule County, South Dakota. More briefing was required in Brule County circuit court and, thereafter, the circuit court affirmed the ALJ's Order denying SJ, and remanded the case to the ALJ, for a due process trial to be held. The hearing was held in February of 2021 before the South Dakota ALJ.

  A weeklong trial was held before the administrative law judge. After the trial, the district made the request to the ALJ that the parties be allowed to submit post-trial briefs. That request was granted by the ALJ. The Court then required both parties to submit simultaneous briefs. The cost of the briefing to the ALJ was another expense for the parents. A decision in favor of the parents was signed by the ALJ in July of 2021.

  After the district lost at the ALJ level, the district filed their notice of appeal (or judicial review) to the state circuit court. The parents then commenced the action to remove the case to federal court, and the school district filed for the case to be remanded to circuit court. Briefs were required, and the U.S. District Court denied the school district's request to remand this case to state court. In the above action, cv-04147 LLP, briefing was required, and the parents spent roughly an additional $10,245. In sum, the parents have spent a considerable amount of money to challenge the Chamberlain School District.

  After the district court found for the parents in cv- 04147 LLP, the school district has appealed that ruling to the United States Court of Appeals. That Court affirmed the ruling of the district court on August 15, 2023. The Eighth Circuit appeal cost the Steckelbergs $39,605.00.

(Doc. 70, pp. 2-3.)

  Nine exhibits are attached to the Steckelbergs' brief in support of the motion for attorney fees. The exhibits consist of billing records for the work performed at each stage of the litigation. Exhibit A is a statement showing 542 hours of work at the administrative level from December of 2018 to August 16, 2021 ($101,015.25 including tax). Exhibit B includes billing records for 27.9

hours of work done on the School District's request for attorney fees related to a motion to compel that the School appealed to the Brule County Circuit Court ($4,885.70 including tax). Exhibit C contains billing statements for 37.28 hours of work on CIV 21-4130, the companion case filed in this Court to seek attorney fees.[2] ($6,294.00). Exhibit D are the billing records for the proceedings before the Court in this case, CIV 21-4147, for 54.97 hours at a $175 hourly rate ($10,202 including tax).

Exhibit E consists of the billing records for the Eighth Circuit appeal. Attorney Ruggieri spent 82.55 hours and she requests an hourly billing rate of $200 ($17,583.00, including tax). Steve Beardsley of Beardsley, Jensen & Lee was hired to assist with the appeal.[3] For the appeal, Steckelbergs paid the hourly rates of $350 for Steve Beardsley and $250 for Conor Casey. Affidavits of Steven Beardsley and Conor Casey have been submitted, indicating that Mr. Beardsley billed Steckelbergs $10,570.00 for 30.2 hours of work at $350 per hour, and Mr. Casey billed 38.2 hours of work at $250 per hour, for a total of $9,550.00. (Doc. 70-7 and Doc. 70-9.)

Finally, Attorney Ruggieri's bill for preparing the initial petition for attorney fees is attached as Exhibit F, showing 10 hours of work at a $200 hourly rate ($2,124.00 including tax). (Doc. 70-6.)

The total amount of attorney fees requested as of September of 2023 was $164,128.61. (Doc. 70 and attached exhibits.)

The Affidavit of Judith and Michael Steckelberg was filed on October 23, 2023. (Doc. 80.) The Steckelbergs express frustration about having to pay for AMS's tuition at the Academy when the IDEA required the School District to provide AMS with a free and appropriate education. The Steckelbergs request interest on the funds they used to pay for tuition and travel to the Academy. (Doc. 80, ¶ 10.) They also request "interest in the amount of $14,363.32 for interest on $100,000

---

[2] On July 27, 2021, Steckelbergs filed a separate lawsuit in this Court seeking attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B) for being the prevailing party in the IDEA administrative action against the School District. *See* CIV 21-4130. That action was stayed pending a decision from the Court in this case. *See id.* at Doc. 26. Now that a decision has been reached on the amount of attorney fees to be awarded, the Court will issue an Order closing CIV 21-4130.

[3] Until Attorneys Beardsley and Casey were hired for the appeal, Ms. Ruggieri had no assistance from law clerks, paralegals or other lawyers.

of our attorney fees, compounded annually at the rate of 5.5% from August 1, 2021 through December 31, 2023. The $100,000 is much lower than our current attorney fees but we kept it simple. The district should owe us much more." (*Id.* at ¶ 11.)

On December 4, 2023, the lawyer for the School District, Douglas Deibert, submitted an Affidavit regarding the interest issue. (Doc. 88.) Mr. Deibert states the School District paid the Steckelbergs $99,596.52 following the decision from the Eighth Circuit. (Doc. 88, ¶ 2.) The School District also paid $4,078.40 for post-judgment interest accruing from November 30, 2022 (the date of this Court's decision) through October 10, 2023. (*Id.* at ¶ 3.)

On December 5, 2023, Plaintiffs filed a Motion for Leave to Add Additional Fees. (Doc. 92.) Attorney Ruggieri submitted an Affidavit seeking an additional $4,970.16 for work done on the reply brief for the motion for attorney fees. (Doc. 90.) The billing records are attached to the Affidavit. (Doc. 90-1.)

On December 20, 2023, Attorney Ruggieri filed a Response to the Chamberlain School District. (Doc. 97.) Among other things, Ms. Ruggieri attached billing records supporting a request for a total of $8,817.56 in attorney fees for all work she has done on the petition for attorney fees in the present case, starting in August of 2023 and ending in December of 2023.[4] (Doc. 97-5.) Mr. Beardsley also billed 1.3 hours on the attorney fee issue at $350 per hour, for a total of $455.00. (Doc. 97-9.) It was helpful for the Court to have all of the time spent on seeking attorney fees documented in one pleading.

In the response filed on December 20, 2023, Attorney Ruggieri explains that she wrote her hours by hand from 2019 until March of 2021 because she did not have an electronic time management system in Chamberlain.[5] (Doc. 97.) In November of 2022, Ms. Ruggieri relied on those hand-written notes to prepare a log of her hours for 2019 through March of 2021. That log was produced to the School District in discovery related to the attorney fee issue. Ms. Ruggieri

---

[4] Time spent preparing an attorney fee application may be recovered under the IDEA. *See, e.g., McNeil v. District of Columbia*, 342 F.Supp.3d 156, 162 (D.D.C. 2018) (citing *Reed v. District of Columbia*, 843 F.3d 517, 526 (D.C. Cir. 2016)).

[5] Ms. Ruggieri indicates that her office was located in Chamberlain in 2019, 2020 and part of 2021. In March of 2021, she moved her office to Sisseton, South Dakota.

asserts that the hours included in the log were contemporaneously documented by hand, with the exception of the year 2020. In 2020, Ms. Ruggieri explains that legal work she was doing for a Tribe kept her too busy to keep contemporaneous records for her work on the Steckelberg case. Ms. Ruggieri explained that she reconstructed the hours she worked on the Steckelberg case in 2020 from Verizon cell phone records of calls with Steckelbergs, as well as from emails with the administrative law hearing examiner, circuit judge Bruce Anderson, and Doug Deibert, attorney for the School District. (Doc. 97, p. 6.) Copies of the Verizon records and email records are included. (Doc. 97-3, Doc. 97-4, Doc. 97-8.) A detailed chronological index of the proceedings that took place before the state hearing examiner is also in the record. (Doc. 97-2.) The twelve-page index includes six pages of entries for work done on the Steckelberg case in 2020.

On January 25, 2024, the Steckelbergs filed a Reply to Chamberlain with a final request for attorney fees in the amount of $173,429.37. (Doc. 99, p. 2.)

The School District opposes the amount of attorney fees requested for a number of reasons. To begin, the School District asks the Court to reduce the fee by 10% because the hearing examiner did not find a violation of the IDEA based on the School District's late production of AMS's school records to Plaintiffs.

Two logs of Mr. Ruggieri's time entries from December of 2018 to August of 2022 were produced to the School District in discovery. (Doc. 89-3 and Doc. 89-4.) Though the logs are for the same time period, the time entries vary. The School District points out that 91 of the entries on one of the logs increase billing time by .05 when compared to the similar log. The School District discusses its comparison of the logs in detail in its first response in opposition to the motion for attorney fees, and it will not be repeated here. (Doc. 91, pp. 11-13.) In response, Attorney Ruggieri explained the inconsistencies:

> Mr. Deibert has stated I changed the log and increased some hours. If it is different, it is by accident. The only logs filed with the court are in Doc 50 and Doc 70. I do recall telling Mr. Deibert that I would take out a few entries for the Eberharter Maki (ALJ) complaint that I filed, so I know I made changes to my Log. However, after consideration, we changed our mind and kept that billing in. The difference in the logs, without doing the math, is likely less than $900 dollars. The additions of .05 were added by mistake to some of these and was simply human error, as I was working by hand and retyping hours into a log from hand notes.

(Doc. 97, p. 7.) The School District suggests that the Court could find the billing entries were altered and thus deny all fees, or that there should be a substantial reduction of between 75%-90% of the amount of fees requested because of the discrepancies in the time records on the two logs.

The School District also objects to paying attorney fees for a separate administrative case, EDU 19-03[6], handled by another administrative law judge, Elaine Eberharter-Maki, from Boise, Idaho. Filed on November 15, 2019, the purpose of EDU 19-03 was to get the School District to prepare a new IEP for AMS. The case was dismissed pursuant to a stipulation on February 14, 2020. According to the School District, the time entries do not distinguish between the lawyer's time spent on EDU 19-03 versus the main case here, which is EDU 19-01. The School District suggests a 50-75% reduction for time entries from November 15, 2019 to February 14, 2020. In response, Attorney Ruggieri explained:

> In our case, Chamberlain refused to draft the IEP, leaving it to expire, so we filed another complaint, EDU 19-03 with ALJ Eberharter Maki. That billing is documented in the log for the dates 11/15/19, 11/16/19, 11/26/19, 11/27/19. The district then changed their mind, after we filed the complaint, and agreed to draft the IEP. The parties entered a stipulation and the case, EDU 19-03, was dismissed. As such, we believe those hours should be included in the fee awarded, as we achieved the desired result, which was an IEP service plan for AMS, while at Kaizen, and the request was directly tied to his placement at Kaizen. We ask those fees to be included.

(Doc. 97, p. 9.)

The School District requests an additional reduction of 50-75% for billing entries from August 20, 2020 to November 11, 2020, for work related to a pro se complaint filed by the Steckelbergs in EDU 20-01. The hearing officer granted the School District's motion to dismiss EDU 20-01. (Doc. 89-9.) The hearing examiner dismissed EDU 20-01 because it did not contain any issue separate from the administrative action in the present case, EDU 19-01. (*Id.* at pp. 11-12.)

In addition, the School District objects to paying attorney fees for Ms. Ruggieri's work on a motion to compel in the underlying proceedings. On July 25, 2019, as part of the administrative proceedings, the School District served a request for production of all medical and psychiatric records relating to AMS. The Steckelbergs objected. The School District brought a motion to

---

[6] This administrative action sometimes is referred to as EDU 19-02. *See* Doc. 89-9, p. 5 at ¶ 15, and p. 8.

9

compel before hearing examiner Catherine Williamson. Steckelbergs did not respond. The hearing examiner denied the motion to compel. School appealed to the State Circuit Court. Judge Anderson ruled in favor of the School and ordered the hearing examiner to grant the School District's motion to compel Steckelbergs to provide AMS's medical and psychiatric records. Judge Anderson stated that the School District could apply to the hearing examiner and the Circuit Court for attorney fees for the time expended in pursuing the motion to compel production of AMS's records. Later, Judge Anderson declined to decide the School District's attorney fee request related to the motion to compel pending a decision from this Court. (Doc. 89-16.) The School District now asks this Court to deny all of the Steckelbergs' attorney fees related to the proceedings on the motion to compel. (Doc. 91, p. 18.) In the alternative, the School District asks the Court to reduce by 50% all attorney fees requested by Stecklebergs from August 30, 2019, through June 20, 2020, the date of Judge Anderson's Order granting the School District's appeal of the hearing examiner's ruling on the motion to compel.

Furthermore, the School District asserts that the Steckelbergs should not be allowed attorney fees for some of the time billed by Attorney Ruggieri related to her work on discovery. For example, the School District served three sets of discovery requests at the administrative level, and it is unable to tell from the billing records what tasks were performed for each of the discovery requests. The School District notes that there are over 20 entries for almost 40 hours for work Attorney Ruggieri performed on discovery at the administrative level.

Another objection lodged by the School District relates to Attorney Ruggieri's billings for communications with the Steckelbergs. Nearly 100 billing entries, totaling several hundred hours, were identified by the School District for client contacts, either by phone, email, or both. The School District argues that "[t]here is nothing in these lengthy time entries, many exceeding one hour, indicating what was discussed at and during these conferences, phone calls, and emails." (Doc. 91, p. 21.) The School District asks for a 50-75% reduction of the time billed for Attorney Ruggieri's contacts with the Steckelbergs.

The School District picked out 18 samples of time entries using block billing and asks the Court for a 50% reduction due to "unexplained time entries, block billings, and other discrepancies." (Doc. 91, p. 8.)

Finally, the School District requests a substantial reduction in the fees sought for the Eighth Circuit appeal. The School District claims that Attorney Ruggieri's services overlapped with the Beardsley Law Firm's work on the appeal, and that Attorney Ruggieri did not need assistance from other lawyers because the issues remained the same on appeal. The School District argues that all time entries for the appeal lack specificity, and it also believes Attorneys Beardsley and Casey should not be paid for time becoming familiar with the case.

After examining the Steckelbergs' requested fees and the School District's objections, the Court will calculate the lodestar by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.

## A. Reasonable Hours Expended

Attorney Ruggieri's failure to keep contemporaneous records in 2020 is not fatal to the Steckelbergs' claim for fees for that year. The Eighth Circuit does not require contemporaneous records for an award of attorney fees. *See Childress v. Fox Assoc., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019.) In affirming a district court's award of attorney fees based on records reconstructed from contemporaneous notes, the Eighth Circuit held:

> The question of whether reconstructed records accurately document the time attorneys have spent is best left to the discretion of the court most familiar with the litigation. The maintenance of such records is certainly desirable, and district courts may reduce or eliminate attorneys' fees awards where the absence of such records leaves the court without a reliable basis on which to award fees.

*MacDissi v. Valmont Indus., Inc.*, 856 F.2d 1054, 1061 (8th Cir. 1988).

With respect to the specificity with which a party seeking attorney fees must itemize the services for which it seeks recovery, the Supreme Court has stated that "counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. at 437 n.12.

The Eighth Circuit recently reminded district courts:

> We wish to emphasize that the district court is not required to do a line-by-line analysis of voluminous billing records. Rather, the district court is in the best position to determine whether the hours, whether in total or by category, are reasonable given its familiarity with the case and to make the appropriate adjustment.

*Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 n.6 (8th Cir. 2024).

Over half of the attorney fees requested are for hours expended at the administrative level for work performed by Attorney Ruggieri from December of 2018 through July of 2021. The hearing examiner's chronological index reflects the significant amount of work that was done on the Steckelbergs' case during that time. The School District put up a strong defense to the claims which ultimately left it liable for AMS's tuition at the Academy. The Steckelbergs prevailed through the extensive and detailed testimony and evidence that Attorney Ruggieri presented on their behalf at the five-day administrative due process hearing in February of 2021. By the time the hearing examiner's decision was issued on July 8, 2021, AMS had already graduated from the Academy and was attending college.[7] To make a long story short, the Steckelbergs and Attorney Ruggieri achieved a significant and hard-fought victory that was highly beneficial to AMS.

After the School District asked for review of the administrative decision, which it was entitled to do as an aggrieved party under the IDEA, this Court reviewed the entire administrative record. This Court, and later the Eighth Circuit, agreed with the hearing examiner's decision that the School District denied a FAPE and should pay for AMS's tuition at the Academy, as well as for most of the Steckelbergs' travel expenses.

Now, for purposes of the motion for attorney fees, this Court has closely reviewed Attorney Ruggieri's time entries and all documentation filed in support of the attorney fee request. The Court has also carefully examined the School District's objections to and concerns about some of the fees requested in this case. Although the documentation for some of the fees is not in the form ordinarily received by the Court, the Court is intimately familiar with this case, and the records are adequate to determine the reasonable amount of time Attorney Ruggieri spent working on it.[8]

After careful consideration of Attorney Ruggieri's records and the School District's objections, the Court will reduce Ms. Ruggieri's hours for the work done at the administrative level due to the lack of specificity in describing some of the tasks, for the discrepancies in her time

---

[7] AMS graduated from the Academy in April 2020, earning all A's and B's in his classes. At the time of the due process hearing, AMS was attending college at South Dakota State University.

[8] Attorney Ruggieri's time entries improved once she adopted an electronic time management system.

logs, for time spent opposing the School District's motion to compel AMS's record, and for time expended on the pro se complaint filed by the Steckelbergs which was dismissed because it contained no issues separate from EDU 19-01 - - the case that ultimately ended up here to be reviewed by this Court.

An example of Attorney Ruggieri's lack of specificity include listing matters such as "Call Cl" and "Cl Conf" of "Conf Cl." Without some description of the subject matter of the task in these and other similar entries, the Court is unable to determine whether the time allocated was appropriate. In addition, the discrepancies in the time logs prepared by Attorney Ruggieri for 2018 to July of 2021 raise questions as to their accuracy, and a reduction will be made for that reason, too.

The Court concludes that a reduction of 10% of the hours Attorney Ruggieri spent working on the administrative proceedings is sufficient to account for the discrepancies in the logs, the lack of specificity in the billing records, and the time expended on the School District's motion to compel and on the Steckelbergs' pro se administrative complaint.

In addition, the time spent by Attorney Ruggieri opposing the School District's motion for attorney fees related to the motion to compel AMS's records was not reasonable. AMS's records should have been produced to the School District in the first instance. Attorney Ruggieri states that a total of $4,885.70 was spent in relation to the School District's motion to recover attorney fees for pursuing the motion to compel AMS's records. (Doc. 97, p. 10.) That amount will not be awarded.

The Court concludes that the remaining hours expended by Attorney Ruggieri were reasonably necessary, particularly in light of the School District's rigorous defense to the Steckelbergs' claims.

The hours spent on the companion case filed by the Steckelbergs in this Court, CIV 21-4130, will not be deducted. A party who prevails on an IDEA claim at the state administrative level may bring an independent action in federal court solely to recover attorney fees incurred in the administrative proceedings. 20 U.S.C. § 1415(i)(3)(B); *Sanchez v. Arlington County School Board*, 58 F.4th 130, 133 (4th Cir. 2023). After prevailing at the administrative level, it was

reasonable for Attorney Ruggieri to file CIV 21-4130 in order to recover the attorney fees incurred in the administrative proceedings.

Furthermore, Attorney Ruggieri was wise to seek counsel from lawyers who are more experienced with the IDEA and with Eighth Circuit appeals. It is clear to this Court that the assistance provided by Attorneys Beardsley and Casey was valuable, and that the Steckelbergs substantially benefitted from those services. Mr. Beardsley and Mr. Casey's time entries are detailed and allow this Court to determine that their hours are reasonable. There does not appear to be any unreasonable duplication of effort between Mr. Beardsley, Mr. Casey, and Ms. Ruggieri.

### A. Reasonable Hourly Rate

In the brief in support of the motion for attorney fees, Attorney Ruggieri described her experience:

> Attorney Ruggieri, has been law licensed since 2014 (Commonwealth of Pennsylvania) and later in 2015 in South Dakota. Counsel's law practice involves criminal defense, family law, civil litigation, tribal court litigation, and two education law cases. Both education law cases involved the IDEA and went to due process hearings. Both education cases were against the Chamberlain District, and both cases were with Mr. Deibert on the other side of the litigation. Both education law cases ended up with the ALJ finding against the district. In the other case, TK v. Chamberlain, the ALJ found that the school violated the LRE (Least Restrictive Environment) provision of the IDEA. She ordered compensatory services for TK to be paid by the school district.

(Doc. 70, p. 9.)

The School District disagrees with Ms. Ruggieri's characterization of the second IDEA case that she handled, and the School District filed a copy of the hearing examiner's decision in that case, arguing:

> At page 14 of the Decision, the ALJ found "the Petitioner had met their burden of proof as to one issue." The T.K. case was an autism case, not a placement case. Further, the statement that the ALJ "ordered compensatory services for T.K. to be paid by the School District" is not quite what the Decision indicated. The Decision held that such services would be provided by the District "*if the parents believe it would be helpful for T.K. to progress to where he should be, given his special needs.*" (Page 14 of the Decision) (emphasis added). There is no evidence that such compensatory services were ever sought or awarded. Consequently, while conceding that counsel did an excellent job in this case. However, handling of one prior case, the *Keatts* case, with the results achieved, is simply not a lodestar factor to be considered.

(Doc. 91, p. 6.)

Despite Ms. Ruggieri's lack of IDEA experience, she obtained excellent results in this highly contested IDEA case where the School District was represented by a skilled and seasoned lawyer. Steckelbergs have paid Attorney Ruggieri $175 per hour since she began working with them in December of 2018. (Doc. 50-4.) The School District agrees that $175 is a reasonable hourly rate. The Court finds that $175 is a reasonable rate for Attorney Ruggieri's work at the administrative level.

The Steckelbergs request an hourly rate of $200 for work done by Attorney Ruggieri after March of 2021. The Affidavit of David J. Larson submitted in support of the Steckelberg's motion for attorney fees states that fees charged for legal services in the Chamberlain area "generally run from $200-$250 per hour for out-of-court work, and $300-$500 an hour for time in court and preparation." (Doc. 95.) The Affidavit of David Geyer indicates that he charges $250 per hour for legal services in the Sisseton area. (Doc. 97-7.) He has been licensed to practice law since January 5, 2012. (*Id.*)

In a 2017 opinion, South Dakota District Court Judge Roberto Lange awarded fees for Attorney Dana Hanna's work on an IDEA case at $250 per hour, stating, in part:

> Hanna filed an affidavit outlining his thirty total years of litigation experience, with fifteen years of experience representing clients in IDEA matters at the administrative, district court, and court of appeals levels. Given Hanna's experience, the prevailing market rate in South Dakota, and the lack of any objection from the District as to Hanna's hourly rate, this Court finds that Hanna's hourly rate is reasonable. This Court has examined the exhibit attached to Hanna's affidavit detailing the time spent on the administrative portion of this complaint and finds it reasonable and sufficiently detailed to support the 130.3 hours claimed.

*Artichoker v. Todd Cnty. Sch. Dist.*, 2017 WL 2495197, at *4 (D.S.D. June 9, 2017).

Attorney Ruggieri's experience does not equal that of Attorney Hanna's at the time he handled the *Artichoker* case. However, Attorney Ruggieri's degree of success is indisputable. The Supreme Court has emphasized that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley*, 461 U.S. at 440.

The Court finds that, under the circumstances in this case, $200 is a reasonable hourly rate for Attorney Ruggieri's work before this Court, including on the petition for attorney fees, and for her work on the Eighth Circuit appeal.

Accordingly, the lodestar for **Attorney Ruggieri** in this case is:

| | | | |
|---|---|---|---|
| 1. | Work at the administrative level: | 542 hours at $175 equals | $94,850.00 |
| | | 10% Adjustment | − $9,485.00 |
| | | | $85,365.00 |
| 2. | Work on CIV 21-4103: | 37.28 hours at $200 equals | $7,456.00 |
| 3. | Work on CIV 21-4147: | 54.97 hours at $200 equals | $10,994.00 |
| 4. | Work on 8th Circuit Appeal: | 82.55 hours at $200 equals | $16,510.00 |
| 5. | Work on attorney fee petition: | 41.80 hours at $200 equals | $8,360.00 |
| | | TOTAL FEES Ruggieri: | $128,685.00 |

| | | |
|---|---|---|
| The lodestar for **Attorney Beardsley** is: | 31.5 hours at $350 equals | $11,025.00 |
| The lodestar for **Attorney Casey** is: | 38.2 hours at $250 equals | $ 9,550.00 |
| **TOTAL FEES FOR ALL LAWYERS:** | | $149,260.00 |

### B. Adjusting Lodestar

After careful consideration, no further adjustments will be made to the lodestar.

### C. Costs

The IDEA fee-shifting provision does not define which expenses are recoverable as costs. *See Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1031 (8th Cir. 2003) (holding that costs awarded under IDEA are limited by § 1920 because IDEA does not define items recoverable as costs).

The costs sought in the present case are extremely modest when compared to other cases that have been before this Court. The only costs requested by Attorney Ruggieri are filing fees in the amount of $804.00 for the two cases filed in this Court. The School District objects to paying the filing fees, arguing that Plaintiff should have sought the filing fees as costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. The Court will consider the filing fees as costs that are

recoverable under the IDEA, and the Court will require the School District to pay the $804.00 in filing fees.

The Beardsley law firm billed Steckelbergs for postage ($111.89) and copies ($435.50 for 1,742 copies at $0.25 per copy). The School District argues that postage is not a recoverable cost, and that copies should be billed at $0.15 not $0.25 per page in accordance with Rule 39A(a)(4) of the Eighth Circuit Local Rules, which provides that copies should be billed at $0.15 per copy.

The Court finds that Plaintiff's costs for postage in the amount of $111.89 and copies in the amount of $261.30 (1,742 copies at $0.15 per copy) are reasonable and recoverable as attorney fees in this case. *See Johnson Trustee of Operating Engineers Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 528 (8th Cir. 2020) ("Some expenses that the district court awarded as 'costs' might be awarded as attorney's fees if they are separately billed under the prevailing practice in the local community.") (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 n.9 (1989)).

Total costs in the amount of $1,177.19 will be awarded to the Steckelbergs.

### D. Interest on Judgment for AMS's Tuition at Academy

The Steckelbergs seek interest on the tuition and travel costs they paid for AMS's placement at the Academy. The School District paid post-judgment interest.[9] The School District argues that pre-judgment interest should have been sought at the administrative level. (Doc. 91, p. 26.) In their most recent filing, the Steckelbergs agree that their entitlement to pre-judgment interest on the tuition should have been decided by the hearing examiner. (Doc. 99, p. 2.)

### E. Interest on Attorney Fees

The Steckelbergs request interest on their attorney fees from the date they prevailed at the administrative hearing on July 8, 2021. (Doc. 70, p. 11; Doc. 80, Affidavit of Judith and Michael Steckelberg Requesting Interest, at ¶ 11.) The Eighth Circuit has held that where the allowance of fees is within the discretion of the court, post-judgment interest on an award of attorney fees runs

---

[9] As explained above, the School District paid the Steckelbergs $99,596.52 following the decision from the Eighth Circuit. (Doc. 81, ¶ 2.) The School District also paid the Steckelbergs $4,078.40 for post-judgment interest accruing from November 30, 2022 (the date of this Court's decision) through October 10, 2023. (*Id.* at ¶ 3.)

17

from the date that the district court enters judgment finding that the prevailing party is entitled to attorney fees, even though the fees are not yet quantified. *Jenkins by Agyei v. State of Missouri*, 931 F.2d. 1273, 1275–76 (8th Cir. 1991). In this case, both the entitlement to attorney fees and the quantification are the same date. Today, this Court is holding that the Steckelbergs are prevailing parties entitled to attorney fees, and it is setting the amount of the attorney fees awarded. Thus, the attorney fee award starts bearing interest today, and the Steckelbergs are not entitled to interest on fees before this date.

### F. Sales Tax

SDCL §§ 10–45–4 and 10–45–4.1 require lawyers to charge sales tax. As part of their attorney fee request, the Steckelbergs include sales tax that was charged by their lawyers. In Rapid City, Chamberlain and Sisseton, South Dakota, the total sales tax is 6.2% (4.2% South Dakota state sales tax and 2% municipal sales tax). Sales tax totaling $9,254.12 ($149,260 x 6.2%) is assessed against the School District. *See Johnson v. Astrue*, No. CIV 10-4052-RAL, 2011 WL 4458850, at *11 n.5 (D.S.D. Sept. 23, 2011) ("the general practice of the District of South Dakota is to award taxes on attorney's fees as part of those fees"). Accordingly,

### IT IS ORDERED:

1. That the Motion for Attorney Fees is granted. (Doc. 68.)

2. That the Motion to Amend/Correct Attorney Fees Claim is granted. (Doc. 79.)

3. That the Motion for Leave to Add Additional Fees is granted. (Doc. 92.)

4. That the Steckelbergs are awarded $149,260.00 in attorney fees, $1,177.19 in costs, and $9,254.12 in sales tax on the attorney fees. The School District shall pay the Steckelbergs a total of $159,691.31.

Dated this 18th day of March, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

18